(Nos. 84242, 84311 cons.)

JOSEPH HEARNE, Appellee, v. THE ILLINOIS STATE BOARD OF EDUCATION *et al.*, Appellants.

*Opinion filed January 22, 1999.*

444

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner, Solicitor General, and Michael P. Doyle, Assistant Attorney General, of Chicago, of counsel), for appellant Illinois State Board of Education.

Marilyn F. Johnson and Millicent Willis, of Chicago, for appellant Chicago School Reform Board of Trustees.

Lawrence A. Poltrock, Gregory N. Freerksen and James B. Dykehouse, of Witwer, Poltrock & Giampietro, of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Pursuant to section 34—85 of the Illinois School Code (105 ILCS 5/34—85 (West 1996)), the Chicago School Reform Board of Trustees of the Board of Education of the City of Chicago (hereinafter, Chicago Board) dismissed plaintiff, Joseph Hearne, a tenured teacher. Upon administrative review, the circuit court of Cook County granted plaintiff relief and set aside the Board's dismissal decision. In addition, the circuit court held that section 34—85 of the School Code, as amended by Public Act 89—15, unconstitutionally violates the due process rights of tenured teachers. Pursuant to Supreme Court Rule 302(a) (134 Ill. 2d R. 302(a)), both the Chicago Board and the Illinois State Board of Education (hereinafter, State Board) directly appealed to this court the circuit court's ruling that section 34—85 is unconstitutional. For the following reasons, we determine that the circuit court unnecessarily reached plaintiff's constitutional challenge. We therefore remand this cause with directions.

## BACKGROUND

Plaintiff has been employed by the Chicago Board for 18 years and was a tenured teacher at the Austin Community Academy High School. On September 6, 1995, Paul Vallas, the Chicago Board's chief executive officer and general superintendent, charged plaintiff with conduct unbecoming a teacher and gross dereliction of duties. Three specific acts of misconduct occurring in May 1995 were alleged to have been committed by plaintiff: (1) plaintiff was arrested for gambling with his students in his classroom during instructional time; (2)

plaintiff took students to a theater as part of a field trip and did not pay admission for 11 students; and (3) as part of the same field trip, plaintiff took the students to a restaurant and paid the bill with his personal check without there being sufficient funds in his account to cover the check. Although the school reimbursed plaintiff, he did not pay the restaurant for the bad check until told to do so by the Chicago Board's law department. Vallas informed plaintiff that because the conduct giving rise to the charges was deemed irremediable, plaintiff would be discharged unless he petitioned for a dismissal hearing pursuant to section 34—85 of the School Code. Plaintiff thereupon requested a dismissal hearing. Soon thereafter, plaintiff was suspended without pay pending the outcome of the hearing.

The dismissal hearing was held before a state-appointed hearing officer during December 1995. The case against plaintiff was presented by an attorney in the Chicago Board's legal department, who called two witnesses on the Board's behalf. Plaintiff testified on his own behalf and additionally called as witnesses three students who supported plaintiff's testimony.

On March 18, 1996, the hearing officer issued written findings of fact, concluding that the Chicago Board failed to prove by a preponderance of the evidence that plaintiff was guilty of the three charges. Consequently, the hearing officer recommended that plaintiff be restored to his teaching position with back pay and benefits. The hearing officer's recommended decision was served upon both plaintiff and the Chicago Board on March 20, 1996.

On April 24, 1996, Vallas submitted to the Chicago Board a written "request for the rejection of [the] hearing officer's decision," stating that "[t]he rationale for this recommendation is that the Hearing Officer's decision is contrary to the weight of credible evidence in the

case which demonstrated cause for termination under section 34—85." On that same day, the Chicago Board agreed with Vallas' request to reject the hearing officer's recommendation, and terminated plaintiff for cause. The Chicago Board informed plaintiff of its decision on April 27, 1996.

In May 1996, plaintiff filed a verified complaint for administrative review, *mandamus*, and declaratory and injunctive relief in the circuit court of Cook County. The complaint, which was directed against the Chicago Board, its individual members, Vallas, and the State Board, contained five counts, two of which are relevant here. Count I of plaintiff's complaint sought administrative review of the decision of the Chicago Board to discharge plaintiff from his employment. The count alleged that the April 24, 1996, decision of the Chicago Board was a final decision subject to administrative review, and that the decision required reversal because it was "contrary to the manifest weight of the evidence introduced at the hearing."

Count III of plaintiff's complaint requested the trial court to declare unconstitutional section 34—85 of the School Code, as amended by Public Act 89—15, on the basis that it deprived plaintiff of due process of law in violation of article I, section 2, of the Illinois Constitution of 1970. Prior to the amendments enacted in Public Act 89—15, the School Code stated that all tenured teachers subject to dismissal proceedings were to be provided a hearing before an impartial hearing officer to determine the propriety of a board of education's decision to terminate that teacher's employment. The decision of the hearing officer constituted a final decision, subject to administrative review. Public Act 89—15, which became effective May 30, 1995, applied only to teachers in the City of Chicago, and amended, *inter alia*, section 34—85 of the School Code to provide that instead

of rendering a final decision, the hearing officer would make a "recommendation as to whether or not the teacher *** shall be dismissed," with the final dismissal decision to be made by the Chicago Board.

In challenging the amendments made by Public Act 89—15 to section 34—85, plaintiff raised three main arguments in count III of his complaint. First, plaintiff asserted that the amendment completely defeats the purpose of the hearing conducted by an independent hearing officer, as the Chicago Board is permitted to reject the hearing officer's recommendation without providing any substantive or evidentiary support for its rejection. Second, plaintiff alleged that the amendment provides no standards for the Chicago Board's review of the hearing officer's recommended decision. Finally, plaintiff contended that the amendment "ensures that the [Chicago Board] will sit as a judge in its own case, despite the decision of the independent hearing officer, in violation of fundamental tenets of fairness and due process." Plaintiff requested the circuit court to vacate the Chicago Board's decision to terminate his employment and to order the Chicago Board to reinstate him with full back pay and benefits.

In response to plaintiff's complaint, the State Board filed an answer consisting of the record of proceedings before the hearing officer. The Chicago Board, in answering plaintiff's complaint, generally denied plaintiff's material allegations.

On November 4, 1996, the circuit court judge rendered an oral ruling from the bench, remanding plaintiff's cause to the Chicago Board for further consideration. The judge based her decision on two factors: first, the judge could not discern from the administrative record whether the Chicago Board had reviewed the transcript of the administrative hearing and/or the hearing officer's recommendation before rejecting it; and, second, the

judge could not determine how, or upon what basis, the Chicago Board made its decision to terminate plaintiff. On November 18, 1996, the circuit court memorialized the oral ruling in a written order granting plaintiff partial relief on count I of his complaint, reversing the Chicago Board's decision terminating plaintiff and remanding the matter to the Chicago Board with instructions for the Board to "receive and review the Hearing Officer's decision" and, if the Board deemed it appropriate, to consider the administrative record. The order further directed the Chicago Board to issue a written decision accepting or rejecting the hearing officer's recommendation. Finally, the order also denied plaintiff relief under counts II through V of his complaint.

Pursuant to the circuit court's order, the Chicago Board reconsidered plaintiff's case during a closed session on December 17, 1996. The record indicates that Vallas was present during this meeting, but that neither plaintiff nor his attorney was allowed to attend.

Upon reconsideration, the Board again decided to discharge plaintiff and issued written findings. The Chicago Board concluded that, based upon review of the record before the hearing officer, "[t]he preponderance of the evidence showed that [plaintiff] acted with conduct unbecoming a teacher and in gross dereliction of duties."

Plaintiff's case then returned to the circuit court. The judge indicated that she would consider plaintiff's complaint in its entirety, including those counts upon which relief was previously denied as a result of the November 18, 1996, order. On August 4, 1997, the circuit court judge rendered an oral ruling from the bench granting plaintiff relief on both his administrative review action (count I) and his due process claim (count III).

In her ruling, the circuit court judge held that section 34—85 of the School Code, as amended by Public Act 89—15, was unconstitutional on its face on four

grounds. First, the judge held that section 34—85 violates due process because although the statute requires the hearing officer to report his or her recommendation to the general superintendent, no provision is made for transmitting the hearing officer's recommendation to the Chicago Board for a final decision.

Second, the judge found section 34—85 unclear as to whether, upon administrative review, the court is to review the decision of the Chicago Board or the recommendation of the hearing officer. The judge noted that although section 34—85 states that "[t]he decision of the *board* is final unless reviewed as provided in Section 34—85b of this Act," the paragraph which immediately follows this statement provides that "if a decision of the *hearing officer* is adjudicated upon review or appeal in favor of the teacher *** then the trial court shall order reinstatement." (Emphasis added.) 105 ILCS 5/34—85 (West 1996). The circuit court judge further pointed out that section 34—85b of the School Code adds to this uncertainty by stating that the provisions of the Administrative Review Law apply to judicial review of "final administrative decisions of the *hearing officer*" under section 34—85. (Emphasis added.) 105 ILCS 5/34—85b (West 1996).

Third, the court determined that section 34—85 violates due process because it fails to specify what materials the Chicago Board is to consider upon review, and does not require the Chicago Board to provide reasons for its decision when it accepts or rejects the recommendation of the hearing officer.

Finally, the court held that section 34—85, when read in conjunction with section 34—12 of the School Code (105 ILCS 5/34—12 (West 1996)), creates "a built in procedure for abuse," in that it permits the general superintendent, who approves the charges against the teacher, to be present during the deliberations of the Chicago

Board. Although the judge stated that she did not believe that either Vallas or the Chicago Board had engaged in any improper conduct, she noted that Vallas and the Chicago Board have an extremely close working relationship, and observed that: "It is hard for this court to imagine that given that continuing and intense relationship that the Board can, in a meeting, closed to the public, and closed to a *** teacher, objectively evaluate whether it should agree or disagree with Mr. Vallas' position."

In addition to finding section 34—85 facially invalid on the above grounds, the circuit court judge also determined that the statute was unconstitutional as applied to plaintiff. Accordingly, the judge granted relief to plaintiff under count III of his complaint, ordering the Chicago Board to reinstate plaintiff to his position with back pay and benefits.

After invalidating section 34—85 on due process grounds, the circuit court additionally granted plaintiff relief on the administrative review claim contained in count I of his complaint. The court initially noted that "[i]t is clear that there is sufficient evidence in this record to support both discharge and the reinstatement of [plaintiff]." Then, the court observed that "[i]f this were a case coming to me straight on administrative review from the Board, giving due deference to the administrative agency, I could not say that this decision of the Board is against the manifest weight of the evidence because there is enough in this record *** to support [plaintiff's] discharge." However, the judge followed the language of section 34—85 and reviewed the record based upon the hearing officer's decision, finding that the recommendation of plaintiff's reinstatement was in accord with the manifest weight of the evidence. Thus, the circuit court judge granted plaintiff relief on his administrative review claim (count I), reversing the decision of the Chicago

Board, and ordering that plaintiff be reinstated with back pay and benefits. A written order reflecting the trial court's oral ruling granting plaintiff relief on both counts I and III of his complaint was entered on August 5, 1997.

On August 13, 1997, the Chicago Board filed with the circuit court a motion to reconsider its ruling, which the State Board joined by oral motion. In its reconsideration motion, the Chicago Board argued, *inter alia*, that pursuant to this court's decision in *Trent v. Winningham*, 172 Ill. 2d 420 (1996), the trial court should not have reached plaintiff's constitutional due process claim, given that the court also granted plaintiff relief on a nonconstitutional ground.

On September 12, 1997, the circuit court, in an oral ruling from the bench, denied the motion to reconsider, reasoning that it was appropriate, under the facts presented in the instant matter, to rule on the constitutional issue. According to the judge, she had attempted to avoid reaching the constitutional question by remanding the matter in the first instance to the Chicago Board for additional proceedings, stating: "I felt that if a fair hearing was given, [if] the Board actually read the hearing officer's decision together with the transcript, [plaintiff] would be reinstated and the constitutional issues could have been avoided." However, when the Chicago Board again decided to dismiss plaintiff, the judge explained that "I decided that because of the history of this case, and because of the first chance that I gave to the Board and the fact that I tried to resolve this without addressing the constitutional question, it was important that I address the constitutional issue for two primary reasons. One is so that other teachers *** will not be faced with this process which this court believes is fundamentally unfair. And, two, so that other courts will not have to go to the lengths which this court has had to go to to try to interpret this vague and ambiguous statute." In explain-

ing why she additionally granted plaintiff relief on the administrative review count of his complaint, the judge stated: "I decided to take the statute literally exactly as it is read and not try to guess as to what the legislature meant because I felt that to do so was the appropriate thing to do in this case."

The circuit court issued its written order denying the motion to reconsider on October 20, 1997. Both the Chicago Board and the State Board appealed directly to this court as a matter of right pursuant to Supreme Court Rule 302(a) (134 Ill. 2d R. 302(a)), and their appeals were consolidated. In their briefs to this court, the threshold argument advanced by both the Chicago and State Board is that, pursuant to our decision in *Trent,* the circuit court improperly reached plaintiff's constitutional claim because there was a nonconstitutional ground for relief. This same argument is raised on a motion for supervisory order filed by the Chicago Board pursuant to Supreme Court Rule 383 (155 Ill. 2d R. 383), which requests this court to remand the instant cause with direction that the circuit court's order be vacated and modified to exclude that portion of the order which declared section 34—85 unconstitutional. We ordered that the Chicago Board's motion be taken with this case. In addition, both the Chicago and the State Board contend that section 34—85 is unconstitutional neither on its face nor as applied to plaintiff. We need not address the constitutional arguments raised by the parties in this matter, because we find that, in the first instance, the circuit court improperly reached plaintiff's due process claims.

## ANALYSIS

The threshold argument raised by both the Chicago Board and the State Board is that because the circuit court granted plaintiff relief pursuant to the administrative review count of his complaint, the court unnecessar-

ily reached plaintiff's constitutional challenge. Therefore, pursuant to our decision in *Trent v. Winningham*, 172 Ill. 2d 420 (1996), the Chicago Board and the State Board maintain that this court should remand plaintiff's cause to the circuit court with directions that the order entered by the circuit court on October 20, 1997, be vacated and modified to exclude the ruling that section 34—85 of the School Code unconstitutionally violates due process. We agree.

Supreme Court Rule 302(a) provides that appeals from final judgments of the circuit court shall be taken directly to this court "in cases in which a statute of *** this state has been held invalid." 134 Ill. 2d R. 302(a). The primary purpose of the direct appeal provision of Rule 302(a) is to "preserve stability in our legal system; when legislation has been held unconstitutional, the rule provides for immediate review by the ultimate authority in this state on the law." *Trent*, 172 Ill. 2d at 425. Circuit courts, however, should "not *** compromise that stability in the first place by declaring legislation unconstitutional when the particular case does not require it." *Trent*, 172 Ill. 2d at 425. Indeed, it is well established that questions regarding the constitutionality of statutes should be considered "only where essential to the disposition of a case, *i.e.*, where the case cannot be determined on other grounds." *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 396 (1994).

In *Trent v. Winningham*, 172 Ill. 2d 420 (1996), we determined that because the circuit court unnecessarily decided a constitutional question where the court also denied the plaintiff relief on alternative, nonconstitutional grounds, it was appropriate for this court to decline direct appellate jurisdiction. In *Trent*, a mother filed a paternity suit against the putative father and sought retroactive child support under section 14(b) of the Illinois Parentage Act (750 ILCS 45/14(b) (West 1992)). The trial

court denied Trent's claim for support on three grounds, one of which was that section 14(b) was unconstitutional. *Trent*, 172 Ill. 2d at 422. Trent appealed the circuit court's ruling to this court, asserting that a direct appeal was appropriate under Rule 302(a) because section 14(b) had been declared unconstitutional.

In *Trent*, we held that the circuit court's constitutional ruling could not properly serve as a basis for direct supreme court review under Rule 302(a). We stated that, although circumstances triggering Rule 302(a) technically existed, in that a statute was held unconstitutional in a final judgment of a circuit court, the jurisdictional basis was complicated by the alternative, nonconstitutional reasons given by the court for denying Trent's claim. We explained that, because the circuit court had provided two nonconstitutional grounds for denying plaintiff relief, the constitutional ground for its holding was not necessary for the resolution of the case, and, therefore, Rule 302(a) jurisdiction was improper. *Trent*, 172 Ill. 2d at 426.

Furthermore, we observed that when circuit courts prematurely invalidate legislation in cases that can be disposed of on a nonconstitutional basis, the effect is to circumvent the normal appellate process and require this court to accept cases it might otherwise decline to hear. *Trent*, 172 Ill. 2d at 426. Based upon this concern, *Trent* admonished the circuit courts not to declare statutes unconstitutional unless absolutely necessary. *Trent*, 172 Ill. 2d at 425.

We find that *Trent* governs the disposition of the cause at bar. We recently observed that our decision in *Trent* "hinged upon the fact that the circuit court in that case based its judgment on three alternative grounds: one being that the applicable statute at issue was unconstitutional; and the other grounds being determined through the application of the relevant provisions of the

same statute." *McLean v. Department of Revenue*, 184 Ill. 2d 341 (1998). Precisely the same situation exists in the instant matter: the circuit court judge granted plaintiff relief on count III of his complaint by ruling that section 34—85 of the School Code was unconstitutional, and granted plaintiff additional and alternative relief under count I of his complaint, applying the relevant portions of precisely the same statute which the circuit court declared unconstitutional.

Plaintiff raises two main arguments in support of his contention that the circuit court appropriately reached the constitutional question. First, plaintiff maintains that because the administrative review claim is "closely related" to the constitutional question, "[t]o consider one requires contemplation of the other." Nowhere, however, does plaintiff assert that the circuit court's ruling on the validity of section 34—85 was essential to the disposition of the nonconstitutional question concerning administrative review. Second, plaintiff contends that the circuit court's invalidation of section 34—85 serves judicial economy. In finding section 34—85 unconstitutional, the circuit court judge reasoned that her decision would save other teachers from being subjected to the statute's processes and save other courts from having to interpret the statute. However, "courts operate only in the context of resolving lawsuits" (*Trent*, 172 Ill. 2d at 425-26), and, in the instant cause, the circuit court's ruling finding section 34—85 unconstitutional was not necessary to resolve plaintiff's claim for administrative review.

## CONCLUSION

For the foregoing reasons, we conclude that the circuit court's ruling that section 34—85 of the School Code, as amended by Public Act 89—15, unconstitutionally violates the due process rights of tenured teachers was not essential to the resolution of plaintiff's lawsuit.

Therefore, in accordance with our decision in *Trent*, we remand plaintiff's cause to the circuit court. We direct that the order entered by the circuit court on October 20, 1997, be vacated, and then modified to exclude the ruling that section 34—85 is unconstitutional. The modified order is thereupon to be reentered. Because we dispose of this cause in this opinion, we deny the Chicago Board's motion for supervisory order.

*Cause remanded with directions.*