Docket No. 100202.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

*In re* E.H., a Minor (The People of the State of Illinois, Appellant, v. E.H., Appellee).

*Opinion filed December 21, 2006.*

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Fitzgerald, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

Justice Burke took no part in the decision.

## OPINION

In this case the appellate court found section 115–10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115–10 (West 2004)) facially unconstitutional, without addressing the nonconstitutional grounds upon which the case could be decided. 355 Ill. App. 3d 564. We vacate the appellate court's judgment and remand to the appellate court.

## BACKGROUND

Due to our disposition of this case, our recitation of the underlying facts will be brief.

In November 2000, the State brought a petition in the circuit court of Cook County for adjudication of wardship against the minor defendant, E.H. The petition alleged that E.H. had engaged in numerous instances of improper sexual conduct with the minor victims K.R. and B.R. while she was their baby-sitter in 1999. During pretrial proceedings, the court was called upon to determine whether to admit into evidence at trial out-of-court statements K.R. and B.R. made to their grandmother. The court determined that the statements were admissible pursuant to section 115–10 of the Code of Criminal Procedure (725 ILCS 5/115–10 (West 2000)).

The case proceeded to a bench trial, where the court found defendant guilty of aggravated criminal sexual abuse and aggravated criminal sexual assault of each of the minor victims K.R. and B.R. The court judged defendant to be delinquent and made her a ward of the court.

The appellate court initially affirmed the circuit court's judgment in a Rule 23 order (No. 1–01–2776 (2004) (unpublished order under Supreme Court Rule 23)). The court held that the trial court had abused its discretion in admitting B.R.'s out-of-court statements regarding the alleged abuse. The court noted that section 115–10 required as a precondition to admission of statements of a nontestifying child witness that " 'the time, content and circumstances of the statement provide sufficient safeguards of reliability.' " No. 1–01–2776, quoting 725 ILCS 5/115–10(b)(1) (West 2000). The court held that these factors had not been satisfied with respect to B.R. However, the court concluded that the error was harmless in light of the other evidence offered in the case. Accordingly, the court affirmed the trial court's finding of delinquency.[1]

In a petition for rehearing, defendant argued that the appellate court had erred in failing to address *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), a case which reinterpreted the confrontation clause of the sixth amendment to the

---

[1]The appellate court actually affirmed as modified, because the court held, based on the "one-act, one-crime" doctrine (see *People v. King*, 66 Ill. 2d 551 (1977)), that the counts of aggravated criminal sexual abuse merged into the two counts of aggravated criminal sexual assault.

United States Constitution (U.S. Const., amend. VI). Defendant argued that the admission of B.R.'s out-of-court statements violated her right to be "confronted with the witnesses against [her]." U.S. Const., amend. VI. The appellate court allowed the petition for rehearing and subsequently filed an opinion in which the court reversed the trial court's finding of delinquency, based on defendant's confrontation clause claim. 355 Ill. App. 3d 564. Specifically, the appellate court held that B.R.'s out-of-court statement was "testimonial" and, thus, because B.R. did not testify at trial, the admission of B.R.'s statement violated the confrontation clause. 355 Ill. App. 3d at 574-75. Based on the fact that the error was of constitutional magnitude, the court held that the error was *not* harmless. 355 Ill. App. 3d at 575-76.

Notwithstanding that the above holding sufficed to fully decide the case, the court went on to "address the constitutionality of section 115–10 under *Crawford* and the confrontation clause." 355 Ill. App. 3d at 576. In a paragraph of analysis, the appellate court summed up section 115–10 as "seek[ing] to admit a declarant's out-of-court statement into evidence, without the declarant being present in court, as long as there is some other evidence that corroborates the out-of-court statement and the statement is deemed reliable." 355 Ill. App. 3d at 577. After a brief quote from *Crawford*, the court concluded, "The applicability of *Crawford* to section 115–10 could be no clearer. Therefore, we find section 115–10 unconstitutional." 355 Ill. App. 3d at 577.

In dissent, Justice Quinn raised numerous objections to the majority opinion. Relevant to our decision here, the dissent argued first that the appellate majority erred in reaching E.H.'s *Crawford* argument without first addressing her argument that admission of the statements violated section 115–10. 355 Ill. App. 3d at 578-79 (Quinn, J., dissenting). Justice Quinn contended that it was inappropriate to decide the case on a constitutional ground without first considering potential nonconstitutional decision bases, and noted that a prior decision of the appellate court established the order in which issues should be addressed in such cases:

> " 'It is important to note that in determining whether a prior out-of-court statement is admissible, the proponent of the statement *first* must meet the requirements of the

applicable statutory hearsay exception as set out in section 115–10 *et seq.* (725 ILCS 5/115–10 *et seq.* (West 2002)). The holding in Crawford should be considered only *after* the court determines the proffered statement complies with the requirements of the applicable statute.' " (Emphases added.) 355 Ill. App. 3d at 578-79 (Quinn, J., dissenting), quoting *People v. Martinez*, 348 Ill. App. 3d 521, 535 (2004).

The dissent also argued that the majority's as-applied *Crawford* analysis was flawed and that the majority erred in finding section 115–10 facially unconstitutional. 355 Ill. App. 3d at 580-83 (Quinn, J., dissenting).

Because the appellate court declared a statute of this state unconstitutional, this appeal as of right followed. 155 Ill. 2d R. 317.

## ANALYSIS

We have repeatedly stated that cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort. See, *e.g.*, *People v. Lee*, 214 Ill. 2d 476, 482 (2005); *In re Detention of Swope*, 213 Ill. 2d 210, 218 (2004), quoting *In re S.G.*, 175 Ill. 2d 471, 479 (1997); *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 396 (1994); *In re Application of Rosewell*, 97 Ill. 2d 434, 440 (1983); *Osborn v. Village of River Forest*, 21 Ill. 2d 246, 249-50 (1961); *Donoho v. O'Connell's, Inc.*, 18 Ill. 2d 432, 436 (1960); *City of Detroit v. Gould*, 12 Ill. 2d 297, 304 (1957); *People ex rel. Downs v. Scully*, 408 Ill. 556 (1951); *People v. Chiafreddo*, 381 Ill. 214, 219 (1942); *Illinois Central R.R. Co. v. Chicago & Great Western Ry. Co.*, 246 Ill. 620, 624 (1910). Yet our admonitions on this topic seem to fall not infrequently on deaf ears. The situation has become so untenable that we have recently taken the somewhat extraordinary step of adding to our rules a requirement that before deciding a case on constitutional grounds, the court must state, in writing, that its decision cannot rest upon an alternate ground. See 210 Ill. 2d R. 18(c)(4) (eff. September 1, 2006). We have also spelled out that we may "summarily vacate and remand" any circuit court judgment which fails to comply with this or any other provision of our new Rule 18. See 210 Ill. 2d R. 18(c)(4).

-4-

The appellate court's decision presents yet another example of reaching constitutional issues unnecessarily. The appellate court initially filed a decision based on nonconstitutional grounds–the court ruled the evidence at issue was inadmissible for failure to comply with the statutory requirements, but that this error was harmless. No. 1–01–2776 (2004). On rehearing, however, the court inexplicably deleted this analysis and, over dissent on this precise point (see 355 Ill. App. 3d at 578-79 (Quinn, J., dissenting)), proceeded directly to a confrontation clause analysis without addressing any possible nonconstitutional grounds for deciding the case. 355 Ill. App. 3d at 574-75.

This alone was erroneous, as we have repeatedly attempted to make plain. However, the appellate court went on, *having already decided the case before it*, to evaluate the *facial* constitutionality of section 115–10 and declare the *entire statute* unconstitutional. Not only did this latter ruling violate the prohibition against deciding constitutional issues without first exhausting all potential nonconstitutional grounds for resolving the case, it was *entirely unnecessary* to decide the case before it.

As we recently stated, courts "should not compromise the stability of the legal system by declaring legislation unconstitutional when a particular case does not require it." *People v. Lee*, 214 Ill. 2d 476, 482 (2005), citing *Trent v. Winningham*, 172 Ill. 2d 420, 425 (1996). That being so, it should go without saying that courts should not declare statutes facially unconstitutional in *dictum*.

We agree entirely with the court in *Martinez* and Justice Quinn's dissent. When a court is asked to evaluate the admission of out-of-court statements into evidence, the *first* step is determining whether the statement passes muster as an evidentiary matter. If the proponent seeks to admit the statement pursuant to section 115–10, the statement must be evaluated to see whether it meets that statute's requirements; if it is sought to be admitted pursuant to an exception to the hearsay rule, that claim must be evaluated. Only once the statement has first been found admissible as an evidentiary matter should constitutional objections–including *Crawford*-based confrontation clause claims–be dealt with. 355 Ill. App. 3d at 578-79 (Quinn, J., dissenting), quoting *Martinez*, 348 Ill. App. 3d at 535. This is the only analytical "flow chart" that comports with the rule that

courts must avoid considering constitutional questions where the case can be decided on nonconstitutional grounds.

Thus, in this case, the appellate court should have proceeded as follows. The first question is whether the circuit court erred in ruling that B.R.'s statements were admissible pursuant to section 115–10. If this ruling was error, the next question is whether that error was harmless. If it was error and it was not harmless, that ends the case and E.H. must receive a new trial. Only if the circuit court's section 115–10 ruling was not error, or was error but harmless (under the harmless error analysis applicable to that ruling), should the court turn to the constitutional challenge to the evidence.

Even then, if the appellate court ruled the circuit court's section 115–10 ruling was error but harmless error, the court must first consider whether it is necessary to consider the constitutional question in light of the fact that the court had already ruled admission of the evidence harmless. It is true that there is a somewhat higher bar for constitutional error than other trial error to be deemed harmless. Compare, *e.g.*, *People v. Nevitt*, 135 Ill. 2d 423, 447 (1990) (evidentiary error is harmless "where there is no *reasonable probability* that the jury would have acquitted the defendant absent the" error (emphasis added)), with *Chapman v. California*, 386 U.S. 18, 24, 17 L. Ed. 2d 705, 710-11, 87 S. Ct. 824, 828 (1967) ("before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless *beyond a reasonable doubt*" (emphasis added)). Because of the different standards of review, there could theoretically exist a narrow set of cases in which admission of the same evidence is harmless if considered as an evidentiary error, but not harmless if evaluated pursuant to the constitutional error standard. If and only if this case is a member of that exclusive set would it be proper for the appellate court to go on to evaluate whether admission of the statements did in fact violate *Crawford*. For if admission of the statements pursuant to section 115–10 was harmless error, it does not matter whether the statements violate *Crawford*, unless the different standards of harmless error mandate a different outcome.

This case is only before us as of right because of the appellate court's rulings on the constitutional issues. The appellate court reached those issues improperly, however. Accordingly, we vacate the

court's January 2005 judgment and remand the cause to the appellate court with directions that the court first address the nonconstitutional issues, reaching constitutional issues only if *necessary* to decide the case. See *Wade v. City of North Chicago Police Pension Board*, 215 Ill. 2d 620, 620 (2005) (supervisory order) (directing appellate court to vacate judgment which had addressed constitutional question and to address alternate nonconstitutional ground for resolving case); *Turcol v. Pension Board of Trustees of the Matteson Police Pension Fund*, 214 Ill. 2d 521, 524 (2005) (dismissing appeal and remanding to appellate court to consider alternate nonconstitutional ground for resolving case); *Illinois Central*, 246 Ill. at 623-24 (transferring cause to appellate court where it appeared that constitutionality was not at issue due to resolution of other issues in case).

CONCLUSION

For the reasons above stated, we vacate the appellate court's judgment and remand to that court with directions that the court first consider the nonconstitutional issues raised, reaching the constitutional issues only if necessary.

*Vacated and remanded.*

JUSTICE BURKE took no part in the consideration or decision of this case.