Docket No. 102413.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLIE HAMPTON, Appellee.

*Opinion filed April 19, 2007.*

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Following a bench trial, defendant Willie Hampton was convicted of several offenses. The appellate court vacated defendant's convictions based on a confrontation clause violation and remanded the matter to the circuit court for a hearing on forfeiture by wrongdoing. The appellate court also addressed several sentencing issues raised by defendant, including two separate challenges under the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). The appellate court held one of the applicable sentencing provisions unconstitutional under the proportionate penalties clause. 363 Ill. App. 3d 293. This appeal as of right followed. 210 Ill. 2d R. 317.

The State's sole contention on appeal is that the appellate court erred in finding the sentencing provision unconstitutional under the proportionate penalties clause. We conclude that the appellate court unnecessarily reached this constitutional issue after vacating defendant's convictions and remanding to the circuit court for further proceedings. Thus, we dismiss this appeal and vacate the portion of the appellate court's judgment addressing issues other than the confrontation clause claim and the possible forfeiture of that claim by wrongdoing.

## I. BACKGROUND

Defendant was convicted of eight counts of aggravated criminal sexual assault (720 ILCS 5/12–14(a)(4), (a)(8) (West 2002)) and two counts of home invasion with a firearm (720 ILCS 5/12–11(a)(3) (West 2002)). The trial court sentenced him to consecutive terms of 21 years' imprisonment on four of the aggravated criminal sexual assault convictions, for a total of 84 years. Defendant was sentenced to six years' imprisonment on each of the four remaining aggravated criminal sexual assault convictions, to run concurrently with the other sentences. He was also sentenced to 21-year terms on each of the home invasion offenses, to be served concurrently with the other sentences.

On appeal, defendant contended that: (1) the admission of his codefendant's written statement at trial violated his sixth amendment right to confront the witnesses against him (U.S. Const., amend. VI); (2) the 21-year sentences for aggravated criminal sexual assault violated the prohibition against double enhancement; (3) the sentences for aggravated criminal sexual assault violated the proportionate penalties clause; (4) his convictions and sentences on four counts of aggravated criminal sexual assault and one count of home invasion must be vacated based on the one-act, one-crime principle; and (5) his sentence on the remaining home invasion conviction violated the proportionate penalties clause. 363 Ill. App. 3d at 294-95.

The appellate court first addressed defendant's claim that his constitutional right to confront the witnesses against him was violated. Defendant based his argument on the Supreme Court's

decision in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004). 363 Ill. App. 3d at 299. The State conceded that admission of the codefendant's statement violated the confrontation clause under *Crawford*, but argued that defendant forfeited his right to confrontation because he wrongfully procured the witness' silence. 363 Ill. App. 3d at 299-300.

The appellate court noted that there were significant disputed questions of fact on the forfeiture issue. 363 Ill. App. 3d at 301. The appellate court refused to resolve those conflicts in the evidence and, instead, remanded to the trial court for an evidentiary hearing on forfeiture by wrongdoing. 363 Ill. App. 3d at 301. The court concluded that defendant was entitled to a new trial if he did not forfeit his right to confrontation. 363 Ill. App. 3d at 301. Thus, defendant's convictions were vacated, and the matter was remanded for a hearing on forfeiture by wrongdoing. 363 Ill. App. 3d at 312.

The appellate court then asserted that it was required to address the remaining claims raised by defendant "in case the trial court finds on remand that defendant forfeited his right to bring a confrontation clause challenge." 363 Ill. App. 3d at 302. In addressing the remaining contentions, the court held that defendant's sentences did not violate the prohibition against double enhancement. 363 Ill. App. 3d at 302-05. The appellate court found, however, that under the identical elements test of proportionate penalties review the punishment for aggravated criminal sexual assault while armed with a firearm was disproportionate to the penalty for armed violence predicated on criminal sexual assault. 363 Ill. App. 3d at 305-10. The appellate court noted that section 12–14(d)(1) of the Criminal Code of 1961 (Code) (720 ILCS 5/12–14(d)(1) (West 2002)) contains a 15-year mandatory sentencing enhancement for aggravated criminal sexual assault while armed with a firearm. 363 Ill. App. 3d at 309. The court held that the 15-year sentencing enhancement, enacted in Public Act 91–404 (Pub. Act 91–404, eff. January 1, 2000), was unenforceable under the proportionate penalties clause because it resulted in a harsher punishment for aggravated criminal sexual assault than the identical offense of armed violence based on criminal sexual assault. 363 Ill. App. 3d at 309-10. The appellate court directed the trial court to sentence defendant in accordance with section 12–14(d)(1) as it existed prior to the amendment by Public

Act 91–404 if it found that he was not entitled to a new trial based on the *Crawford* violation. 363 Ill. App. 3d at 310.

The appellate court also vacated one of the home invasion convictions and four of the aggravated criminal sexual assault convictions based on the one-act, one-crime principle. 363 Ill. App. 3d at 310. Finally, the court held that defendant's 21-year sentence on the remaining home invasion conviction did not violate the proportionate penalties clause. 363 Ill. App. 3d at 310-12.

The State appealed as of right because the appellate court declared the statute unconstitutional. 210 Ill. 2d R. 317.

## II. ANALYSIS

On appeal to this court, the State's sole argument is that the appellate court erred in finding the 15-year firearm sentencing enhancement enacted in Public Act 91–404 unconstitutional under the proportionate penalties clause of the Illinois Constitution. The parties do not raise any challenge to the appellate court's decision vacating defendant's convictions based on the *Crawford* violation and remanding the matter to the trial court for a hearing on forfeiture by wrongdoing.

Shortly after the appellate court's opinion was entered in this case, this court reaffirmed our long-standing rule that "cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort." *In re E.H.*, 224 Ill. 2d 172, 178 (2006). We reminded courts that they must avoid reaching constitutional issues when a case can be decided on other, nonconstitutional grounds. *In re E.H.*, 224 Ill. 2d at 178. Constitutional issues should be addressed only if necessary to decide a case. *People v. Waid*, 221 Ill. 2d 464, 473 (2006), quoting *People ex rel. Sklodowski v. State of Illinois*, 162 Ill. 2d 117, 131 (1994). As noted in *E.H.*, this court has gone so far as to add a requirement to our rules that courts include a written statement that the decision cannot rest upon an alternate, nonconstitutional basis before deciding a case on constitutional grounds. *In re E.H.*, 224 Ill. 2d at 178, citing 210 Ill. 2d R. 18(c)(4) (effective September 1, 2006).

Here, after vacating defendant's convictions, the appellate court went on to address several issues that may arise if defendant were

again convicted of the offenses on remand. One of those issues was the proportionate penalties challenge to the 15-year firearm sentencing enhancement contained in section 12–14(d)(1) of the Code. Defendant was, however, no longer subject to the sentences after the appellate court vacated his convictions. We cannot assume that defendant will be convicted again on remand. If defendant is not convicted of the offenses, he will never be subject to sentencing under the 15-year firearm penalty enhancement enacted in Public Act 91–404. Thus, it was unnecessary for the appellate court to address this constitutional issue and declare Public Act 91–404 unconstitutional. The appellate court should have declined to address this constitutional issue after vacating defendant's convictions and remanding for a hearing on forfeiture by wrongdoing.

We note that the State asserted in oral argument that the appellate court correctly reached the proportionate penalties issue because it was more efficient to address it in this appeal. The interest in efficiency or judicial economy, however, does not justify reaching a constitutional issue unnecessarily. *Hearne v. Illinois State Board of Education*, 185 Ill. 2d 443, 456 (1999). Unnecessarily addressing a constitutional issue is improper because it may result in compromising the stability of the legal system in the event that the statute is declared unconstitutional when the particular case does not require that action. See *In re E.H.*, 224 Ill. 2d at 179, quoting *People v. Lee*, 214 Ill. 2d 476, 482 (2005). The interest in the stability of the legal system outweighs the potential benefit of increased efficiency that may be gained by addressing a constitutional issue before it is necessary to reach it.

We find that the appellate court prematurely considered the constitutionality of the 15-year firearm penalty enhancement under the proportionate penalties clause. We, therefore, vacate the portion of the appellate court judgment addressing that constitutional issue.

We also vacate the remaining portions of the appellate court judgment addressing issues other than the *Crawford* violation and forfeiture by wrongdoing. One of those additional issues raised a constitutional proportionate penalties claim and was, therefore, not appropriately considered. While the other arguments on double enhancement and the one-act, one-crime principle may not raise constitutional questions, they were addressed prematurely given the

judgment vacating the underlying convictions based on the confrontation clause violation. Those arguments will not be at issue if defendant is not convicted of the offenses on remand. Thus, the appellate court's discussion of those issues is advisory. Advisory opinions are to be avoided. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 157 (2002).

The cause is remanded to the circuit court to conduct the evidentiary hearing on forfeiture by wrongdoing. On remand, we refer the trial court to our recent decision in *People v. Stechly*, No. 97544 (April 19, 2007), for direction on conducting that hearing.

## III. CONCLUSION

For the foregoing reasons, we vacate the portion of the appellate court judgment addressing issues other than the confrontation clause violation and the potential forfeiture of that claim by wrongdoing. The cause is remanded to the circuit court for an evidentiary hearing on forfeiture by wrongdoing.

*Vacated and remanded.*