# Illinois Official Reports

## Supreme Court

---

### *Vasquez Gonzalez v. Union Health Service, Inc.*, 2018 IL 123025

---

| | |
|---|---|
| Caption in Supreme Court: | SARAHI VASQUEZ GONZALEZ, as Administrator of the Estate of Rodolfo Chavez Lopez, Deceased, Appellee, v. UNION HEALTH SERVICE, INC., *et al.* (Union Health Service, Inc., Appellant). |
| Docket No. | 123025 |
| Filed | November 29, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, the Hon. John H. Ehrlich, Judge, presiding. |
| Judgment | Appeal dismissed. <br> Supervisory order entered. <br> Cause remanded. |
| Counsel on Appeal | Karen Kies DeGrand, Michael J. Borree, and Laura Coffey Ieremia, of Donohue Brown Mathewson & Smyth LLC, of Chicago, for appellant. <br><br> Nicholas V. Loizzi and Marisa A. Kay, of Loizzi Law Offices, LLC, of Chicago, for appellee. |

CHIEF JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Justices Thomas, Kilbride, Garman, Burke, Theis, and Neville concurred in the judgment and opinion.


**OPINION**

¶ 1    Sarahi Vasquez Gonzalez, in her capacity as administrator of the estate of Rodolfo Chavez Lopez, also known as Juan Aguilar, brought this wrongful death and survival action in the circuit court of Cook County to recover damages from Union Health Service, Inc. (UHS), and numerous other defendants based on defendants' alleged negligence in providing medical treatment to Mr. Aguilar, the decedent, while he was under their care. UHS moved to dismiss the claims against it pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2016)) on the grounds that it is immune from suit under section 26 of the Voluntary Health Services Plans Act (215 ILCS 165/26 (West 2016)). Following a brief hearing at which no evidence or arguments were presented, the circuit court issued a lengthy written order denying UHS's motion. The basis given by the circuit court for its decision was that a 1988 amendment to section 26 was "unconstitutional in violation of U.S. Const., art. IV, § 1 & amd. XIV; Ill. Const., art. 1, § 2; & Ill. Const. art. IV, § 13" because it left intact UHS's statutory immunity under the law while eliminating that immunity for all other similarly situated entities. UHS now appeals that decision directly to our court "pursuant to Supreme Court Rule 302(a)(1) and pursuant to the Court's supervisory authority." It asks that we reverse the circuit court's order, enter an order declaring the 1988 amendment to be constitutional, and remand to the circuit court with instructions to grant UHS's motion to dismiss based on statutory immunity.

¶ 2                                    BACKGROUND

¶ 3    UHS is a "health services plan corporation" organized under the Voluntary Health Services Plan Act (Act) (215 ILCS 165/1 *et seq.* (West 2016)) for "the purpose of establishing and operating a voluntary health services plan and providing other medically related services" (*id.* § 2(a)). In 2014, while under the care of UHS physicians, nurses, and technicians, Mr. Aguilar died following a lymph node biopsy. Sarahi Vasquez Gonzalez (plaintiff), in her capacity as administrator of Aguilar's estate, filed a multicount complaint under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2016)) and Survival Act (755 ILCS 5/27-6 (West 2016)) to recover damages from UHS and others involved in Aguilar's care. The complaint alleged that Aguilar had received negligent treatment and asserted that UHS should be held liable under the doctrine of *respondeat superior*.

¶ 4    UHS moved to dismiss the counts against it pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2016)) on the grounds that it was immune from liability under section 26 of the Act (215 ILCS 165/26 (West 2016)). That statute provides:

"A health services plan corporation incorporated prior to January 1, 1965, operated on a not for profit basis, and neither owned or controlled by a hospital shall not be liable

for injuries resulting from negligence, misfeasance, malfeasance, nonfeasance or malpractice on the part of any officer or employee of the corporation, or on the part of any person, organization, agency or corporation rendering health services to the health services plan corporation's subscribers and beneficiaries." *Id.*

¶ 5    Plaintiff opposed UHS's motion, arguing that plan should not be allowed to claim immunity under section 26 because it had purchased liability insurance and thereby waived any immunity it might otherwise have enjoyed. Plaintiff also asserted that the statutory immunity conferred by section 26 violates special legislation and equal protection principles and is therefore unconstitutional. The basis for that claim was that the language in the statute limiting its applicability to plans "incorporated prior to January 1, 1965, operated on a not for profit basis, and neither owned or controlled by a hospital," which was added by an amendment in 1988, left UHS's immunity intact while stripping it from all other similarly situated entities, a result for which it contended there is no rational basis.

¶ 6    Following a brief hearing at which no evidence or legal arguments were presented, the circuit court entered a written order denying UHS's motion to dismiss. The court rejected plaintiff's argument that the plan's purchase of liability insurance waived its statutory immunity. It concluded, however, that UHS could not avail itself of that immunity because the 1988 amendment to the statute "purposefully protected and continues to protect a class of only one—UHS." In the court's view, "[c]ontinuing to provide absolute statutory immunity to a class of one is simply not rationally related to any legitimate state interest. The 1988 amendment to section 26 is, therefore, unconstitutional because it violates the Illinois constitution's prohibition against special legislation." Based on this conclusion, the court went on to hold that "the 1988 amendment to the [Voluntary Health Services Plans Act] section 26 is unconstitutional in violation of U.S. Const., art. IV, § 1 & amd. XIV; Ill. Const., art. 1, § 2; & Ill. Const., art. IV, § 13." This appeal followed.

¶ 7                                                  ANALYSIS

¶ 8    Before proceeding, we must first consider whether we have authority to do so. The parties themselves are content to have us review the circuit court's order on the merits. No jurisdictional challenge has been raised by either side. That, however, is of no consequence. Lack of subject-matter jurisdiction is not subject to waiver and cannot be cured through the consent of the parties. *In re M.W.*, 232 Ill. 2d 408, 417 (2009). Our court has an independent duty to ensure that jurisdiction is proper. *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 349 (2002).

¶ 9    The jurisdiction of this court is delineated by article VI, section 4, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, § 4). Article VI, section 4(b) (Ill. Const. 1970, art. VI, § 4(b)), authorizes direct appeals to our court as of right from circuit court judgments imposing a sentence of death. It also authorizes us to provide by rule for direct appeals from circuit courts in other cases.

¶ 10   UHS relies on Illinois Supreme Court Rule 302(a)(1) (eff. Oct. 4, 2011) to support direct appeal from the circuit court in the case before us now. That reliance is misplaced. Although Rule 302(a)(1) does authorize direct appeal to our court in cases where a circuit court has held invalid a statute of the United States or of this state, the rule applies, by its terms, to "[a]ppeals from *final judgments* of circuit courts." (Emphasis added.) *Id.* No final judgment has been

entered in this case. This appeal arises from an order denying a motion to dismiss. The denial of a motion to dismiss is not a final determination. It is an interlocutory ruling and not subject to review under Rule 302(a)(1). *Desnick v. Department of Professional Regulation*, 171 Ill. 2d 510, 540 (1996) (citing *Chapman v. United Insurance Co. of America*, 234 Ill. App. 3d 968, 970 (1992), and *Pizzato's Inc. v. City of Berwyn*, 168 Ill. App. 3d 796, 798 (1988) (denial of motion to dismiss on basis of governmental immunity not final and appealable order)).

¶ 11    When a circuit court has found a statute unconstitutional in the context of an interlocutory order, our court has relaxed the finality requirement of Rule 302(a)(1) and entertained the appeal directly in two limited circumstances. Neither is present here.

¶ 12    The first situation where we have reviewed an interlocutory order under Rule 302(a)(1) is where the order falls within one of the various rules we have promulgated specifically authorizing appeals from orders other than final judgments. See, *e.g.*, *id.* at 516 (allowing direct appeal of order granting preliminary injunction, normally appealable as of right to the appellate court under Illinois Supreme Court Rule 307 (eff. Aug. 1, 1989)); *Garcia v. Tully*, 72 Ill. 2d 1, 7 (1978) (allowing direct appeal of order dissolving preliminary injunction, also normally appealable as of right to the appellate court under Illinois Supreme Court Rule 307 (eff. Jan. 1, 1970)). This is not such a case. There is no comparable jurisdictional "hook" here. The circuit court's order is not subject to any of the rules we have enacted to permit review of interlocutory orders.

¶ 13    The second circumstance in which we have relaxed the normal finality requirement is where the appeal arose from an order granting summary judgment in a declaratory action challenging the validity of a statute. While entry of summary judgment technically left unresolved a claim for affirmative relief (and meant that the judgment was not fully final), we nevertheless accepted direct review because the constitutionality of the statute was the central issue in the case, the trial court's ruling was effectively final as to that core issue, the unresolved issue was unlikely to affect the ultimate disposition of the litigation, and dismissal of the appeal would have served no purpose other than to delay ultimate resolution of the case's pivotal question. *Big Sky Excavating*, *Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 233-34 (2005).

¶ 14    None of those circumstances is present here either. This is an action for damages, not a proceeding to declare a statute invalid. The circuit court's ruling on the validity of the statute in this case merely affects the right of one of numerous defendants to raise a particular affirmative defense. With regard to the litigation as a whole, that is a peripheral issue, not a pivotal one. Indeed, depending on how the litigation plays out, the issue may prove entirely irrelevant. If plaintiff fails to make her case and the jury returns a verdict in favor of defendants on the merits, there will be no need to address the question of whether UHS could also have escaped liability based on the immunity conferred by section 26 of the Act, as amended in 1988. The matter will be moot.

¶ 15    Thirty years ago there was a case, *Bilyk v. Chicago Transit Authority*, 125 Ill. 2d 230 (1988), in which our court did entertain an interlocutory appeal under Rule 302(a) from a decision by the circuit court that denied a motion to dismiss on the grounds that the statute on which dismissal was sought violated various provisions of the Illinois and United States Constitutions, including Illinois's prohibition against special legislation. Aware of the similarity between the procedural posture of the appeal in *Bilyk* and the matter before us here,

counsel for UHS suggested at oral argument that our decision in *Bilyk* supports the exercise of our jurisdiction in this case. It does not. A judicial opinion is authority only for what is actually decided in the case. *In re N.G.*, 2018 IL 121939, ¶ 67. The problem of finality and the issue of jurisdiction were not raised or addressed in *Bilyk*. They were completely overlooked. An oversight is not a holding.

¶ 16    As an alternative basis for reviewing the merits of the circuit court's order, UHS argues that this case presents an appropriate occasion for the exercise of the court's supervisory authority. On this point, UHS is on firmer ground. Article VI, section 16, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 16) invests our court with general administrative and supervisory authority over Illinois's judicial system. That authority is unlimited in extent and hampered by no specific rules. "It is bounded only by the exigencies which call for its exercise." (*In re Estate of Funk*, 221 Ill. 2d 30, 97-98 (2006)). "An order *** need not be final and appealable in order that this court exercise its supervisory authority." *People v. Heddins*, 66 Ill. 2d 404, 406 (1977). Even when a circuit court's ruling does not satisfy the normal finality requirements, this court may elect to exercise its supervisory authority to intercede. *Id.* at 406-07 (dismissing appeal but entering supervisory order to direct circuit court to vacate clearly erroneous interlocutory order).

¶ 17    While our supervisory authority may be expansive, it is invoked with restraint. That a lower court has declared a statute unconstitutional does not, by itself, furnish sufficient justification for us to review that decision in the exercise of our supervisory authority where, as here, jurisdiction is otherwise lacking. *The Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 34. We exercise our supervisory authority only under exceptional circumstances. *People ex rel. Birkett v. Bakalis*, 196 Ill. 2d 510, 515 (2001). More specifically, we have held that supervisory orders will be used " 'only if the normal appellate process will not afford adequate relief and the dispute involves a matter important to the administration of justice, or where intervention is necessary to keep an inferior court or tribunal from acting beyond the scope of its authority.' " *People v. Salem*, 2016 IL 118693, ¶ 21 (quoting *In re J.T.*, 221 Ill. 2d 338, 347 (2006)). We have also found it appropriate to exercise our supervisory authority to retain an appeal of an interlocutory order denying a motion to dismiss where we had erroneously docketed the appeal under Rule 302(a)(1), the appeal had been pending for a significant length of time, and there was an important constitutional question to be decided. *Dornfeld v. Julian*, 104 Ill. 2d 261, 265 (1984); see also *Hardin v. Village of Mount Prospect*, 99 Ill. 2d 96, 101 (1983) (supervisory authority invoked to review denial of motion to dismiss based on importance of constitutional question involved); *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.*, 63 Ill. 2d 61, 67-68 (1976) (length of time case pending without a hearing on the merits and possibility that decision might avoid improvident use of taxpayer money warranted exercise of supervisory authority to review otherwise nonappealable interlocutory orders).

¶ 18    After due consideration, we have concluded that this is an appropriate case to invoke our supervisory authority rather than simply dismissing the appeal. We have reached this conclusion not because the substantive constitutional principles underlying the circuit court's ruling have particular significance. For reasons that will be set out below, those principles turn out to be immaterial to resolution of the case. Rather, we have elected to proceed because, in our view, the circuit court's ruling has demonstrated a need for us to once again provide guidance on a matter of considerable importance to the administration of justice: the

procedures that must be followed and the standards that should be applied before a circuit court declares a statute unconstitutional. As the following discussion will explain, those procedures and standards were not followed here. The circuit court's order declaring the 1988 amendment to section 26 of the Act (215 ILCS 165/26 (West 2016)) unconstitutional and denying UHS's motion to dismiss must therefore be vacated, and the cause must be remanded to the circuit court for further proceedings.

¶ 19    Statutes carry a strong presumption of constitutionality. *Oswald v. Hamer*, 2018 IL 122203, ¶ 29. Improvident or unnecessary declarations that a statutory enactment is constitutionally infirm compromise the stability of our legal system. *Trent v. Winningham*, 172 Ill. 2d 420, 425 (1996). Moreover, when a circuit court prematurely invalidates legislation that might ultimately be disposed of on a nonconstitutional basis, "the effect is to circumvent the normal appellate process and require this court to accept cases it might otherwise decline to hear." *Hearne v. Illinois State Board of Education*, 185 Ill. 2d 443, 455 (1999) (citing *Trent*, 172 Ill. 2d at 425). We have therefore admonished circuit courts that "cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort" (*In re E.H.*, 224 Ill. 2d 172, 178 (2006)) and only if necessary to decide the case (*People v. Hampton*, 225 Ill. 2d 238, 243-44 (2007)). *The Carle Foundation*, 2017 IL 120427, ¶ 34.

¶ 20    To help insure that circuit courts follow these principles and do not " 'lightly or cavalierly declare unconstitutional that which the representatives of the people have seen fit to enact' " (*People v. Cornelius*, 213 Ill. 2d 178, 190 (2004) (quoting *People v. Conlan*, 189 Ill. 2d 286, 291-92 (2000))), our court has formulated a set of requirements circuit courts must follow before declaring a statute unconstitutional. Those requirements are set forth in Illinois Supreme Court Rule 18 (eff. Sept. 1, 2006). Rule 18 expressly provides that "[a] court shall not find unconstitutional a statute, ordinance, regulation or other law, unless" its order or opinion

> "clearly sets forth the specific ground(s) for the finding of unconstitutionality, including:
>
> > (1) the constitutional provision(s) upon which the finding of unconstitutionality is based;
> >
> > (2) whether the statute, ordinance, regulation or other law is being found unconstitutional on its face, as applied to the case *sub judice*, or both;
> >
> > (3) that the statute, ordinance, regulation or other law being held unconstitutional cannot reasonably be construed in a manner that would preserve its validity;
> >
> > (4) that the finding of unconstitutionality is necessary to the decision or judgment rendered, and that such decision or judgment cannot rest upon an alternative ground; and
> >
> > (5) that the notice required by Rule 19 has been served, and that those served with such notice have been given adequate time and opportunity under the circumstances to defend the statute, ordinance, regulation or other law challenged." Ill. S. Ct. R. 18(c) (eff. Sept. 1, 2006).[1]

---

[1]Under Rule 19 (Ill. S. Ct. R. 19 (eff. Sept. 1, 2006)), a litigant challenging the constitutionality of a statute, ordinance, administrative regulation, or other law affecting the public interest must serve notice

¶ 21    The order entered by the circuit court in this case included the information required by subsection (c)(5) with regard to compliance with Rule 19. It also set forth the constitutional provisions upon which the finding of unconstitutionality was based, as required by subsection (c)(1). Specifically, it found that "the 1988 amendment to *** section 26 [of the Act] is unconstitutional in violation of U.S. Const., art. IV, § 1 & amd. XIV; Ill. Const., art. 1, § 2; & Ill. Const. art. IV, § 13." In addition, and in accordance with subsection (c)(2), the circuit court's order indicated that it was finding the 1988 amendment to section 26 of the Act to be unconstitutional both on its face and as applied. The order did not, however, make a finding as required by subsection (c)(3) that the statute cannot reasonably be construed in a manner that would preserve its validity. The issue was not even addressed. Moreover, the circuit court failed to make the finding specified by subsection (c)(4), namely that "the finding of unconstitutionality [was] necessary to the decision or judgment rendered, and that such decision or judgment cannot rest upon an alternative ground." Ill. S. Ct. R. 18(c)(4) (eff. Sept. 1, 2006).

¶ 22    Our court has made clear that any circuit court judgment that does not include the finding required by subsection (c)(4) or fails to comply with any of the other provisions of Rule 18 may be summarily vacated and remanded. *In re E.H.*, 224 Ill. 2d at 178; *Bryant v. Board of Election Commissioners of the City of Chicago*, 224 Ill. 2d 473, 477 (2007) (*per curiam*); Ill. S. Ct. R. 302(c)(2) (eff. Oct. 4, 2011) . That course of action is appropriate here. Not only does the circuit court's order fail to comply with the formal, technical provisions of Rule 18 by omitting required findings, it is patently incompatible with basic principles governing when and under what circumstances a statute may be declared unconstitutional. That is so for several reasons.

¶ 23    First, as noted above, the circuit court's order denying UHS's motion to dismiss declared that the 1988 amendment to section 26 ran afoul of numerous constitutional provisions, both federal and state. These included article IV, section 1, of the United States Constitution, which provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State" (U.S. Const., art. IV, § 1); the fourteenth amendment to the United States Constitution, which addresses the rights to due process and equal protection of the laws, among various other topics (U.S. Const., amend. XIV); article I, section 2, of the Illinois Constitution of 1970, which also addresses due process and equal protection (Ill. Const. 1970, art. I, § 2); and article IV, section 13, of the Illinois Constitution of 1970, dealing with special legislation (Ill. Const. 1970, art. IV, § 13). The circuit court's substantive discussion, however, dealt exclusively with why it believed the challenged amendment violated the Illinois Constitution's special legislation provision. It gave no legal basis and provided no explanation for invalidating the amendment under the other state and federal constitutional articles and amendments it ultimately invoked. In so doing, it engaged in precisely the type of unsupported, scattershot constitutional adjudication that our precedent has condemned and Rule 18 was intended to curb. *People v. Chairez*, 2018 IL 121417, ¶¶ 11-13; *People v. Rizzo*, 2016 IL 118599, ¶ 27; *People v. Schweihs*, 2015 IL 117789, ¶ 17; *Cornelius*, 213 Ill. 2d at 188-90; *In re Parentage of John M.*, 212 Ill. 2d 253, 266 (2004); Ill. S. Ct. R. 18, Committee Comment (adopted July 27, 2006).

---

of the challenge on the Attorney General or other affected agency or officer in order to give that agency or officer the opportunity to intervene for the purpose of defending the law or regulations challenged. *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 115 (2004).

¶ 24    Second, the circuit court's order found the 1988 amendment to section 26 of the Act constitutionally invalid, not only on its face, but also as applied to UHS. This court has repeatedly held and recently reiterated, however, that because as-applied constitutional challenges are necessarily dependent on the specific facts and circumstances of the case, a court is not capable of making an as-applied determination of unconstitutionality when there has been no evidentiary hearing and no findings of fact. Absent a sufficient evidentiary record, any finding that a statute is unconstitutional as applied is premature. *People v. Harris*, 2018 IL 121932, ¶ 39; *People v. Minnis*, 2016 IL 119563, ¶ 19; *Rizzo*, 2016 IL 118599, ¶ 26; *People v. Mosley*, 2015 IL 115872, ¶¶ 47-48; *In re Parentage of John M.*, 212 Ill. 2d at 268.

¶ 25    Such is the case here. Pivotal to plaintiff's challenge to the 1988 amendments to section 26 of the Act are a range of factual issues, including changes in UHS's operations since the Act was initially enacted and the number of entities that could still avail themselves of the Act's immunity after the 1988 amendments took effect. These issues are vigorously contested. Plaintiff asserts, for example, that UHS is the only remaining entity that remains eligible to claim the immunity, while UHS argues that two additional entities also still qualify. The factual record necessary to properly resolve these questions has not yet been developed. At the time the circuit court made its ruling, discovery was still underway, and no evidentiary hearing had yet been held. Under these circumstances, the circuit court could not properly conclude that the 1988 amendment was unconstitutional as applied, and this court cannot now properly assess whether plaintiff is able to meet her substantial burden of establishing that the amendment fails to pass constitutional muster under the particular circumstances presented by this case. *People ex rel. Hartrich v. 2010 Harley-Davidson*, 2018 IL 121636, ¶ 32.

¶ 26    But there is a third and even more fundamental problem with the circuit court's decision to address the constitutionality of the 1988 amendment to section 26 of the Act: resolution of that question is not, in fact, necessary to disposition of this case. Even if the circuit court were correct in finding the 1988 amendment fatally infirm under the special legislation provision of the Illinois Constitution, the effect of such a finding would not be to abolish the statutory immunity conferred under the Act. Rather, it would be to leave the law in force as it was prior to its amendment. *Cookson v. Price*, 239 Ill. 2d 339, 341 (2010); *Fumarolo v. Chicago Board of Education*, 142 Ill. 2d 54, 113 (1990); *People v. Gersch*, 135 Ill. 2d 384, 390 (1990). The statute would simply revert back to its original version. *Ready v. United/Goedecke Services, Inc.*, 232 Ill. 2d 369, 381 (2008).

¶ 27    This is fatal to plaintiff's position because UHS was immune under the prior version of the law as well. As UHS has pointed out, the 1988 amendment had no effect on its immunity at all. The amendment merely removed statutory immunity from other entities not involved in this litigation. UHS's position remained unchanged.

¶ 28    The former version of the law has been upheld by our appellate court against constitutional attack. *Brown v. Michael Reese Health Plan, Inc.*, 150 Ill. App. 3d 959 (1986). The constitutional analysis undertaken by the circuit court in this case did not purport to reach a contrary conclusion. Plaintiff challenged, and the circuit court addressed, only the 1988 amendment. Accordingly, even if that amendment were unconstitutional, UHS would be still entitled to claim immunity from plaintiff's claims under the version of section 26 of the Act as it existed before. Based on that immunity, it would, in turn, still be entitled to dismissal of plaintiff's claims against it. For that reason, addressing the constitutionality of the 1988

amendment was not and is not necessary as a "last resort" for resolution of this case. It is not necessary at all. The issue is irrelevant. We shall therefore vacate the court's order denying UHS's motion to dismiss on the grounds that the 1988 amendment to the Act is unconstitutional and remand for further proceedings. *People v. Jackson*, 2013 IL 113986, ¶ 14.

¶ 29                                                    CONCLUSION

¶ 30       For the foregoing reasons, we dismiss UHS's appeal under Rule 302(a). In the exercise of our supervisory authority, we vacate the order of the circuit court denying UHS's motion to dismiss on the grounds that the 1988 amendment to section 26 of the Act is unconstitutional, and we remand this cause to the circuit court for further proceedings consistent with our opinion.

¶ 31       Appeal dismissed.

¶ 32       Supervisory order entered.

¶ 33       Cause remanded.