**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 180602-U

Order filed November 17, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| STEVEN ALAN CREIGHTON, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Petitioner-Appellee, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| THE PEOPLE OF THE STATE OF ILLINOIS; | ) | |
| THE ILLINOIS STATE POLICE; and THE | ) | |
| OFFICE OF THE ILLINOIS ATTORNEY | ) | Appeal No. 3-18-0602 |
| GENERAL, | ) | Circuit No. 18-MR-162 |
| | ) | |
| Respondents | ) | |
| | ) | |
| (The Illinois State Police and The Office of the | ) | |
| Illinois Attorney General, | ) | The Honorable |
| | ) | Katherine S. Gorman, |
| Respondents-Appellants). | ) | Judge, presiding. |

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Hauptman and Hettel concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court's order finding that the registration requirement under the Illinois Sex Offender Registration Act (730 ILCS 150/1 *et. seq.* (West 2018)) was unconstitutional as applied to the petitioner was insufficient to comply with the procedural requirements of Illinois Supreme Court Rule 18 (eff. Sept. 1, 2006) for such a finding.

¶ 2      Petitioner, Steven Alan Creighton, filed a petition for the removal of his name from the Illinois Sex Offender Registry. The circuit court granted the petition, finding the mandate for Creighton to register as a sexual predator in Illinois under the Illinois Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq.* (West 2018)) was unconstitutional as applied to Creighton. The State appealed, arguing this court should vacate the circuit court's order because: (1) the circuit court's order failed to comply with Illinois Supreme Court Rule 18 (eff. Sept. 1, 2006); and (b) the circuit court failed to conduct an evidentiary hearing and make factual findings in relation to Creighton's as-applied constitutional challenge. We vacate the circuit court's orders at issue and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4      On September 21, 2000, in the State of Louisiana, Creighton pled no contest to the charge of "indecent behavior with a juvenile," with the victim purportedly being his minor daughter. Creighton was sentenced to five years of unsupervised probation and a five-year suspended sentence. A few weeks later, after moving to Illinois, Creighton registered with the Illinois State Police (ISP) in conformity with the Illinois Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq.* (West 2000)).

¶ 5      On April 3, 2018, Creighton filed a "Petition for Removal of Sexual Predator Designation" and filed an amended petition the same day, naming the State of Illinois as the respondent. In the amended petition, Creighton alleged that: he was born on February 7, 1953; he was registered as a "sexual predator" in Illinois due to his conviction in Louisiana on September 21, 2000, for "Indecent Behavior with a Juvenile"; on or about October 30, 2000, he established residency in Illinois and registered on the Illinois sex offender registry as required pursuant to SORA (730 ILCS 150/3 (West 2018)); he was deemed a sexual "predator" in Illinois and was

2

required to remain on the Illinois sex offender registry for the duration of his natural life (730 ILCS 150/7 (West 2018)) [1]; on July 2, 2001, he relocated to Florida and registered there as a sexual "offender"; in 2001 Creighton moved to Thailand, where he has since continuously resided, is married, has a newborn daughter and two other minor children, and owns a restaurant business; he has not had any legal issues since residing in Thailand; in October 2017, Creighton's mother became ill and Creighton and two of his minor children flew from Thailand to Chicago, Illinois, to be with her; Creighton and his minor children were scheduled to return home to Thailand on November 7, 2017; on November 6, 2017, the United States Department of Homeland Security informed the Thai Immigration Bureau that Creighton was scheduled to arrive in Thailand the following day and that Creighton was a registered sex offender in the United States based on his 2000 conviction for "Aggravated Criminal Sexual Abuse/Victim<13, or a substantially similar Louisiana state offense"; upon arriving in Thailand, Creighton and his two minor children were apprehended by Thailand immigration officials and immediately returned to the United States; Creighton has no business or personal ties to, or within, the United States, other than his ailing and elderly Mother; due to his categorization in Illinois as a "sexual predator," he is prohibited from returning to Thailand and cannot be reunited with his spouse, children, and residence, and cannot resume his restaurant business; and Creighton was "situated outside of the United States" and did not intend to, or have any reason to, return to the United States or the State of Illinois.

¶ 6        In the amended petition, Creighton argued that his continued placement on the Illinois sex offender registry was unconstitutional in violation of the Eighth Amendment of the United

---

[1] Under SORA, "sexual predators are subject to a lifetime registration term while sex offenders must register for 10 years." *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 209 (2009) (citing 730 ILCS 150/7 (West 2004)).

States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) as applied to him. Creighton contended that his continued placement on the Illinois sex offender registry, among other punitive effects, precluded him from entering Thailand, where "he [had] lived without incident for over 16 years." Creighton requested the circuit court order that his name be removed from the Illinois sex offender registry.

¶ 7     On June 15, 2018, a hearing took place on Creighton's amended petition. An attorney from the Office of the Attorney General (OAG) indicated to the circuit court that the Illinois State Police (ISP) was the proper respondent in this matter and that she would be entering a limited appearance to argue that service had not been effectuated on the ISP. Creighton did not appear at the hearing but was represented by two attorneys (hereinafter "Creighton's counsel"). Creighton's counsel indicated that Creighton was seeking to have SORA declared unconstitutional as it applied to him "under this particular circumstance," noting that Creighton was "last a resident of the State of Illinois approximately 17 or 18 years ago for a very brief period" and that Louisiana had designated Creighton to be sexual "offender" while the State of Illinois deemed him to be a sexual "predator." Creighton's counsel also noted that in Florida Creighton had been categorized as a sexual offender.

¶ 8     The circuit court asked whether Creighton's designation as a "sexual predator" had been a mistake. Creighton's counsel stated:

> "[t]he conviction of aggravated criminal sexual abuse is a predatory
> lifetime registration scheme violation. And what differentiates *** aggravated
> versus non-aggravated is simply the fact that one of the subsections in the
> aggravated statute is if the victim is a family member. *** I'm not sure any

4

formal investigation was ever made when they designated him *** in Illinois. ***

I believe that the victim in this case was, in fact, Mr. Creighton's daughter, and that's where we get to the aggravated aspect of the conviction and its equivalent in Illinois."

¶ 9   Creighton's counsel argued that Creighton was essentially displaced in that he was unable to return to his home in Thailand where he had a young family and a business. Creighton's counsel also indicated that Creighton was waiting outside the United States to return to Thailand and, if Creighton returned to Thailand, he would not be coming back to Illinois or the United States. Creighton's counsel contended that in Louisiana Creighton had a 10-year "registration requirement" that would have already expired. Creighton's counsel also noted that Creighton's conviction was classified in Illinois as "aggravated criminal sexual abuse," which was a Class 2 felony punishable by three to seven years of imprisonment. Creighton's counsel indicated that in Louisiana "it was up to seven years as well," but Creighton had only been sentenced to five years of unsupervised probation, which Creighton had "successfully completed." Creighton's counsel argued, "this kind of sentence in relation to the statutory penalties" showed that Creighton was not considered to be dangerous. Creighton's counsel also noted that Creighton had no other criminal offenses (other than minor traffic tickets) and that Creighton had essentially a zero risk of recidivism because "17 years have gone by." Creighton's counsel contended that SORA's requirement of lifetime registration (for "sexual predators") was grossly disproportionate to Creighton's crime and, as applied to Creighton, violated the Illinois Constitution's proportionate penalties clause and the United States Constitution's Eighth Amendment.

¶ 10   First, the circuit court noted that Creighton was now 65 years old. The circuit court then asked whether the victim of the underlying crime was Creighton's daughter or stepdaughter.

5

Creighton's counsel stated, "I don't want to go to reopening the case, Judge." Creighton's counsel then indicated that there was "a lot of paperwork that the whole thing never happened" and that it had been "drummed up," noting there were "affidavits to that effect." It appears from the record that Creighton's counsel showed the circuit court some paperwork but did not present any evidence. In relation to the underlying conviction, Creighton's counsel contended that "there was no penetration" and the underlying conduct was something "along the lines of when the little girl was taking a bath *** there was some form of improper touching with a bar of soap." Creighton's counsel further contended that the victim's mother (Creighton's former wife) "ruined" Creighton's life and there was "all sorts of communications that it was done to try and basically ruin him for financial reasons." No evidence was introduced by Creighton's counsel in support of those contentions.

¶ 11    The circuit court noted the amount of time that had elapsed since the offense and that Creighton would have only had to register for 10 years in Louisiana "and that would have been the end of it." The circuit court indicated that Creighton was "now in no man's land." The circuit court further stated:

> "[t]his appears to the Court to be to—as it's applied to Mr. Creighton hugely inequitable given his conviction, the punishment in Louisiana, and he has not re-offended, more serious crimes would allow for him to perhaps cut through this bureaucratic red tape and accomplish what he's trying to accomplish, and if he is going to register if he comes back to Illinois, I just don't see where there's really any harm in allowing this gentleman, who appears to have paid his dues and has done what he's supposed to do right on down the line, why this still should be interfering with his life to the extent that it is. So I'm going to grant the relief

6

requested, and I would like you to include in the Order that if he does come back to Illinois, he will re-register and we can sort it out from there."

¶ 12 The attorney for the OAG asked whether Creighton would be required to register as a "sexual predator" if he returned to Illinois. The Circuit Court stated, "I'm not going to say one way or the other" and indicated Creighton would have to "let them know what occurred in Louisiana" and then he would be "designated according to the statute."

¶ 13 The circuit court granted Creighton's amended petition. In its written order, the circuit court indicated: (1) Creighton "ha[d] been duly punished and fulfilled his societal requirements"; (2) Creighton "ha[d] suffered hugely inequitable consequences by Illinois maintaining his name on [its] Sex Offender Registry"; (3) given Creighton's age (65 years old) and lack of subsequent criminal behavior in any jurisdiction, "he [was] not likely to reoffend"; (4) the People of the State of Illinois were not jeopardized by the circuit court granting the relief requested; and (5) Illinois' "continuing registration" of Creighton was "interfering with him having contact with his family and with his livelihood." The circuit court ordered that Creighton "shall be removed from the Illinois Sex Offender Registration" and that "the State of Illinois shall effect th[e] order *instanter*." The circuit court also indicated in the order that if Creighton relocated to Illinois, he "must report to local police authority for purposes of registering and comply with all applicable statutes and regulations."

¶ 14 After more than 30 days, on or about July 30, 2018, Creighton's counsel contacted the ISP to request that Creighton's name be removed from the registry. In light of the ISP's failure/refusal to do so, on August 24, 2018, Creighton's counsel filed a verified petition for rule to show cause against the ISP. On August 28, 2018, the circuit court issued a rule to show cause against the ISP and set a hearing date of September 24, 2018.

¶ 15 On September 21, 2018, the ISP and the OAG filed a petition to quash service and for relief from the court's order of June 15, 2018, for lack of personal jurisdiction. At the hearing on September 24, 2018, the attorney for the OAG argued the circuit court did not have jurisdiction over the ISP and that the ISP would have to be made a defendant, noting the ISP could then conduct discovery regarding Creighton's underlying conviction. The OAG's attorney argued that without jurisdiction over the ISP, the circuit court did not have the authority to order the ISP to remove Creighton from the registry. The same day, Creighton filed a second amended petition for removal of sexual predator designation, which contained the same substantive allegations as the prior amended petition but additionally named the ISP and OAG as respondents. The ISP and OAG were served with the second amended petition the following day.

¶ 16 On September 26, 2018, the ISP and the OAG filed a motion to dismiss Creighton's second amended petition, arguing that Creighton's claim was barred by sovereign immunity, Creighton lacked standing to bring the petition because he had not suffered an injury as the result of his registration on the Illinois Sex Offender Registry, and SORA's lifetime registration requirement was not unconstitutional as applied to Creighton. The State respondents additionally argued, in the alternative, that an as-applied constitutional challenge required an evidentiary hearing and findings of fact and, therefore, requested the opportunity to conduct discovery and an evidentiary hearing. The State respondents also argued that the OAG should be dismissed because it was not a proper party.

¶ 17 At a hearing on September 28, 2018, the State respondents argued, among other things, there had been no evidence presented to support the claims Creighton had asserted in his second amended petition and there had been no discovery. The circuit court acknowledged that there was "no mechanism contained within the statute to have [Creighton's] name removed" from the

registry. The circuit court additionally noted that, in pursuing this action, the Peoria County State's Attorney Office had been served with the initial amended petition and Creighton's counsel was advised that an attorney with the OAG would be their representative and Creighton's counsel had sent the amended petition to that attorney. The circuit court indicated that on June 15, 2018, "by way of proffer and exhibits, the Court had decided to proceed [despite the ISP not being a party at that time] and had ultimately determined that [Creighton] had suffered disproportionate consequences as a result of the commission of the crime back in Louisiana, his contact with the State of Illinois and then being designated a predator when *** the crime had not been committed in Illinois." The circuit court indicated that it had found that Creighton was not likely to reoffend based upon Creighton not having any further criminal behavior and that Creighton had an ongoing obligation to register if he came back to Illinois. The circuit court indicated that the reason Creighton needed to be removed from the Illinois registry was because "he is caught in a bureaucratic black hole that is disproportionate to the crime that he committed" and, as applied to Creighton's specific circumstances, "it was unconstitutional."

¶ 18          Furthermore, the circuit court found "the [OAG] most certainly had notice" of the hearing of June 15, 2018, and the ISP had now been served with a summons (and second amended petition). The circuit court also noted that an attorney from the OAG was present at the hearing on June 15, 2018, and had requested that certain language be included in the order. The circuit court stated, "this is just a bureaucratic black hole that he has been sucked into, and the Court is attempting to correct this unconstitutional wrong in a very, very limited fashion." The circuit court denied the motion to dismiss in part, indicating its order of June 15, 2018, remained in effect, and granted the motion in part in that it dismissed the OAG as a party. The circuit court

9

ordered the ISP to remove Creighton from the Sex Offender Registry on or before October 12, 2018.

¶ 19      The ISP and OAG appealed the orders of June 15, and September 28, 2018, wherein the circuit court, among other things, ordered the ISP to remove Creighton's name from the Sex Offender Registry.

¶ 20      II. ANALYSIS

¶ 21      On appeal, the ISP and OAG (the State respondents) argue that this court should vacate the orders at issue, wherein the circuit court ordered that Creighton be removed from the Illinois Sex Offender Registry, and remand this matter for further proceedings because: (1) the orders failed to comply with Illinois Supreme Court Rule 18 (eff. Sept. 1, 2006); and (b) the circuit court failed to conduct an evidentiary hearing and make factual findings in relation to Creighton's as-applied constitutional challenge to SORA (730 ILCS 150/1 *et. seq.* (West 2018)).

¶ 22      Creighton argues that this court should affirm the trial court's orders, arguing there was a "more than sufficient record made" and there was compliance with Rule 18. He contends that it is apparent from the circuit court's order of June 15, 2018, the continuing registration requirement of SORA "is the particular issue that is unconstitutional as applied to him." Creighton also contends that the record before the trial court was "sufficiently clear and undisputed such that there was no need for an evidentiary hearing in this matter." He additionally argues that, even if he had been able to "present before the trial court," the testimony and evidence would have had "specifically mirrored the uncontested statements presented and established to the trial court." Creighton claims the record, therefore, was sufficient to support the trial court's finding that "the statute" was unconstitutional as applied to him.

10

¶ 23    In Illinois, convicted sex offenders and sexual predators are subject to the registration requirement of SORA. 730 ILCS 150/3 (West 2018). Under SORA, sex offenders and sexual predators include those individuals that have been convicted of certain sex offenses under the laws of other states. *Id.* § 2. Pursuant to SORA, a "sexual predator shall register for the period of his or her natural life." *Id.* § 7. Creighton does not dispute his designation as a "sexual predator" or allege facts indicating that the designation was erroneous. Rather, as discussed above, Creighton challenged the requirement that he be required to register as a sex offender for life, contending that the mandate is unconstitutional as applied to him in violation of the prohibition against cruel and unusual punishment and the proportionate penalties clause of the Illinois Constitution.

¶ 24    "Statutes carry a strong presumption of constitutionality." *Vasquez Gonzalez v. Union Health Service, Inc.*, 2018 IL 123025, ¶ 19. "Constitutional challenges carry the heavy burden of successfully rebutting the strong judicial presumption that statutes are constitutional." *People v. Patterson*, 2014 IL 115102, ¶ 90. To overcome the presumption of a statute's constitutionality, the challenging party must clearly establish that it violates the constitution. *People v. Rizzo*, 2016 IL 118599, ¶ 23. "Courts have a duty to uphold the constitutionality of a statute whenever reasonably possible, resolving any doubts in favor of the statute's validity." *Id.* The determination of a statute's constitutionality is a matter of law that is reviewed *de novo. Id.*

¶ 25    In this case, Creighton raised an as-applied constitutional challenge. An as-applied challenge requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party. *Id.* A court cannot make an as-applied determination of unconstitutionality when there has been no evidentiary hearing and no findings of fact. *Id.* ¶ 26 (citing *People v. Mosley*, 2015 IL 115872, ¶ 47). "By definition, an as-applied constitutional

11

challenge is dependent on the particular circumstances and facts of the individual defendant or petitioner." *People v. Thompson*, 2015 IL 118151, ¶ 37.

¶ 26    First, we agree with the State respondents that the circuit court's order failed to comply with Illinois Supreme Court Rule 18 (eff. Sept. 1, 2006). Our supreme court has "formulated a set of requirements circuit courts must follow before declaring a statute unconstitutional," which are set forth in Rule 18. *Vasquez Gonzalez*, 2018 IL 123025, ¶ 20. Rule 18 ensures that courts do not " ' "lightly or cavalierly declare unconstitutional that which the representatives of the people have seen fit to enact." ' " *Id.* ¶ 20 (quoting *People v. Cornelius*, 213 Ill. 2d 178, 190 (2004) (quoting *People v. Conlan*, 189 Ill. 2d 286, 291-292 (2000))).

¶ 27    Illinois Supreme Court Rule 18 provides:

"A court shall not find unconstitutional a statute, ordinance, regulation or other law, unless:

(a) the court makes the finding in a written order or opinion, or in an oral statement on the record that is transcribed;

(b) such order or opinion clearly identifies what portion(s) of the statute, ordinance, regulation or other law is being held unconstitutional;

(c) such order or opinion clearly sets forth the specific ground(s) for the finding of unconstitutionality, including:

(1) the constitutional provision(s) upon which the finding of unconstitutionality is based;

(2) whether the statute, ordinance, regulation or other law is being found unconstitutional on its face, as applied to the case *sub judice*, or both;

12

(3) that the statute, ordinance, regulation or other law being held unconstitutional cannot reasonably be construed in a manner that would preserve its validity;

(4) that the finding of unconstitutionality is necessary to the decision or judgment rendered, and that such decision or judgment cannot rest upon an alternative ground; and

(5) that the notice required by Rule 19[2] has been served, and that those served with such notice have been given adequate time and opportunity under the circumstances to defend the statute, ordinance, regulation or other law challenged." Ill. S. Ct. R. 18 (eff. Sept. 1, 2006).

¶ 28       The circuit court orders at issue failed to, among other things, clearly identify the portion(s) of SORA that were being held unconstitutional as applied to Creighton. See Ill. S. Ct. R. 18(b) (eff. Sept. 1, 2006). The circuit court's orders also failed to clearly set forth the constitutional provision(s) upon which the finding of unconstitutionality was based and failed to clearly set forth that the finding of unconstitutionality was necessary to its decision and that such decision could not rest upon an alternative ground. See Ill. S. Ct. R. 18(c) (Sept. 1, 2006). Any circuit court judgment that fails to comply with Rule 18 may be summarily vacated and remanded. *Vasquez Gonzalez*, 2018 IL 123025, ¶ 22.

---

[2] Illinois Supreme Court Rule 19 (eff. Sept. 1, 2006) provides:

"(a) Notice Required. In any cause or proceeding in which the constitutionality *** of a statute, ordinance, administrative regulation, or other law affecting the public interest is raised, and to which action or proceeding the State or the political subdivision, agency, or officer affected is not already a party, the litigant raising the constitutional or preemption issue shall serve an appropriate notice thereof on the Attorney General, State's Attorney, municipal counsel or agency attorney, as the case may be.

13

¶ 29        Additionally, as argued by the State respondents, no evidentiary hearing took place in regard to Creighton's as-applied constitutional challenge so the circuit court could not properly conclude SORA was unconstitutional as applied to Creighton. Our supreme court has stated:

> "[B]ecause as-applied constitutional challenges are necessarily dependent on the specific facts and circumstances of the case, a court is not capable of making an as-applied determination of unconstitutionality when there has been no evidentiary hearing and no findings of fact. Absent a sufficient evidentiary record, any finding that a statute is unconstitutional as applied is premature." *Id.* ¶ 24.

¶ 30        In this case, there was no evidentiary hearing and no evidence presented. The only indication of Creighton's specific circumstances and the circumstances of the underlying offense was made by way of the unverified allegations of the second amended petition and the assertions of Creighton's counsel. Thus, the circuit court's finding of unconstitutionality as applied to Creighton was premature. See *id.*

¶ 31        We, therefore, vacate the circuit court's order of June 15, 2018, partially vacate its order of September 28, 2018 (excepting from vacatur the portion of that order dismissing the Attorney General as a party), and remand for further proceedings. We note the State respondents have not raised an issue regarding, and we do not address, the merits of the circuit court's finding of unconstitutionality. See Ill. S. Ct. R. 302(a) (eff. Oct. 4, 2011) ("[a]ppeals from final judgments of circuit courts shall be taken directly to the Supreme Court *** in cases in which a statute of the United States or of this state has been held invalid"); *People v. Fuller*, 187 Ill. 2d 1, 9-10 (1999) (a direct appeal to the Illinois Supreme Court is permitted when a law is held unconstitutional as applied).

¶ 32 For purposes of remand, we note the following as indicated by our supreme court: "[O]ne who *challenges* the constitutionality of a statutorily mandated 'penalty' has the burden of *clearly* establishing that the challenged provision is in excess of the general constitutional limitations on the legislature's authority." (Emphases in original.) *Rizzo*, 2016 IL 118599, ¶ 48 (citing *People v. Sharpe*, 216 Ill. 2d 481, 487 (2005)). "The challenger cannot shift the burden of proof and research to the circuit court." *Id.* "For its part, a circuit court contemplating the invalidation of a law enacted by the representatives of the people should proceed with the utmost caution before following an attorney's ill-defined path to a finding of unconstitutionality." *Id.* "Rule 18 requires the court to set forth specific grounds for the finding of unconstitutionality." *Id.* "At a minimum, that should include an adequate discussion of relevant case law and should sufficiently differentiate the various constitutional bases that might bear upon its finding." *Id.*

¶ 33                                    III. CONCLUSION

¶ 34 The judgment of the circuit court of Peoria County is vacated in accordance with this order and this cause is remanded for further proceedings.

¶ 35 Vacated and remanded.